White, J.
The first question in the case we shall notice is, whether the Court of Common Pleas had jurisdiction to entertain a suit on the bond of the executors. The bond was taken by and filed in the Probate Court; and the question arises under the provision in section 185 of the act for the settlement of estates, which requires the bond to be sued in the court in which it is filed. 1 8. & C. 602. The provision in question, when the act was passed, had reference to the Court of Common Pleas, which was, at that time, invested with both probate and common-law jurisdiction. The subsequent creation of the Probate Court, and the investing it with probate jurisdiction, did not transfer the authority to entertain suits on the bonds of executors and administrators from the Court of Common Pleas to the Probate Court. Before the adoption of the code, such suits were required to be prosecuted according to the course of the common law, and after the adoption of the code by the civil action of the code. Code, sec. 566. The jurisdiction of the Probate Court did not include such actions. McLaughlin v. McLaughlin, 4 Ohio St. 508.
2. The next question is as to the effect of the act of April 17, 1857, for the more speedy collection of claims of creditors, legatees, etc. 1 S. & C. 619.
For the plaintiff in error it is contended that the remedy provided by that act is exclusive of all others. We think otherwise. The object of the act was to provide a cumulative and more summary remedy for the enforcement of demands against executors and administrators; but it was not intended to repeal sections 182,188, and 184 of the act for the settlement of estates, which authorize suits on the bonds of the executor or administrator.
3. The third question is, whether the petition shows a cause of action on the bond for the payment of the plaintiff’s legacy within the time allowed by law for creditors *449 to present their claims, without an order of the Probate Court requiring such payment.
The present suit was brought within eighteen months from the granting of administration.
Section 183 of the administration law, on which the present action is founded, and sections 182 and 184, were brought under consideration in Cutting v. The State, 2 Ohio St. 1, and in Greer v. The State, Ib. 575, and the effect of these decisions is to deny the right of the plaintiff to maintain the action.
Section 182 provides a remedy for the creditor when he is entitled by law to the payment of his debt; and section 183 provides a like remedy for the legatee when he is entitled to the payment of his legacy, and for the widow and other distributee to recover his or her distributive share. The right to resort to the remedy provided by these sections is not dependent upon the leave of the court, but the plaintiff must' have a right to a sum determinate and certain, and the recovery is for his sole benefit. The suit authorized by the 184th section can only be resorted to by leave of the court, and must be for a breach of the bond in some other particular than is provided for in the two preceding sections. The recovery in such case is for the benefit of all interested in the estate.
Legatees and distributees must be paid out of the surplus assets not required for the payment of debts. "Without an order of the court requiring such payment, neither of them, as of right, is entitled to demand his legacy or distributive share within the four years allowed by law for creditors to present their claims.
True, it is averred in the petition that there are no debts, and it is said the demurrer admits the truth of the averment. The demurrer only admits such averments as are well pleaded. In this action the executors can not be required to try that issue. The executors are not presumed to know, nor to have the means of knowing, the extent to which there may be creditors, until the time has *450 elapsed within which, their claims must be presented. If the issue were tried, and it should be determined that there were no creditors, such determination would afford no protection to the executors against claims that might subsequently be presented.
But it does not follow from this that executors and administrators can, at their will, postpone the payment of legatees and distributees until the claims of creditors are barred.
The assets constitute a trust fund, first, for creditors, and secondly, for the legatees and distributees. Over the administration of this trust by the executor or administrator, the authority of the Probate Court is ample to see that the fund is faithfully applied for the benefit of those to whom it belongs. To this end, where payment is required of a legacy or distributive share, before the time has elapsed allowed for creditors to present their claims, the court is expressly authorized to require the executor or administrator to be indemnified by a refunding bond against the consequences of such payment. Administration Law, sec. 118 (S. & C. 588).
4. It is further to be observed, that the breaches, of the bond declared on in this case, consist of the failure of the executors to return an inventory of certain assets, and of wasting and converting them to their own use.
The action for such breaches should be brought for the benefit of the estate, and not for the benefit of a particular legatee or distributee.
The judgment of the District Court is reversed, and that ■of the Court of Common Pleas affirmed.
McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., concurred.